# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:96 CR 403 |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| RICHARD STONE, ) | MEMORANDUM OPINION |
| Defendant. ) | AND ORDER |

This matter comes before the Court upon Defendant, Richard Stone's Motion to Reduce Sentence Under Section 404 of the First Step Act of 2018. (ECF #527). The government filed a Response in Opposition to the motion, and Defendant filed a Reply. (ECF #528, 529). The Court held a status conference to address the contested issue of whether this Court should apply the holding from *Apprendi v. New Jersey*, 570 U.S. 99 (2013), when it considers the appropriateness of a sentencing reduction under the First Step Act. Following that status conference, both parties filed Supplemental briefing in support of their position. (ECF #532, 533). The matter is now fully ready for consideration.

Mr. Stone was convicted at trial of one count of conspiracy to possess with intent to distribute and to distribute cocaine and/or cocaine base; one count of possessing a firearm after a felony conviction; one count of making a false statement in connection with acquiring a firearm;

and, one count of possessing with intent to distribute cocaine base. (ECF #178). There is no evidence that would indicate that the jury made a determination on the drug amount, but the Court found, prior to sentencing, that he was responsible for more than 50 grams of cocaine base, and more than 5 kilograms of cocaine. Based on this amount Mr. Stone would have been subject to a statutory term of ten years to life in prison, had he not also been subject to enhancement for having two prior felony drug convictions. Because of his prior convictions, Mr. Stone's statutory sentence increased to mandatory life imprisonment. See, 21 U.S.C. §§ 841(b)(1)(A) &851 (1997). Consequently, on November 24, 1997, Mr. Stone was sentenced to life in prison on Counts 1 and 4, to be served concurrently with a 120 month sentence on Count 2, and a 60 month sentence of Count 3. Mr. Stone has currently served almost twenty-two years of his sentence.

On December 21, 2018, the First Step Act of 2018 was signed into law. Section 404 of the Act provides that a court that imposed a sentence for a covered offense may, on motion of the defendant, impose a reduced sentence as if sections Two and Three of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. No court shall entertain such a motion, however, if the sentence was previously imposed or reduced in accordance with sections Two and Three of the Fair Sentencing Act, or if prior request made under this section was denied after a complete review on the merits. Reductions are not mandatory, but are left to the discretion of the sentencing judge. See, Pub. L. No. 115-391, Title IV, § 404, Dec. 21, 2018.

Both parties agree that if the Fair Sentencing Act had been in place at the time of Mr. Stone's original sentencing, the mandatory sentencing ranges and terms of supervised release that applied generally to Mr. Stone's offenses would have been altered. Section Two of the Fair Sentencing Act of 2010 increased the threshold quantities that trigger different statutory penalties

under 21 U.S.C. §841(b)(1). Following the implementation of that Act, offenses involving less than 28 grams of crack cocaine are subject to a sentencing range of up to 20 years, with an enhancement to up to 30 years for defendants with a prior felony drug conviction. Defendants who were found to have offenses involving between 28 and 280 grams of crack cocaine are subject to a statutory sentencing range of 5 to 40 years, with a possible enhancement of 10 years to life if the defendant had a prior felony conviction. For offenses involving 280 grams or more of crack cocaine, defendants are subject to a statutory sentencing range of 10 years to life, unless the defendant had a prior felony drug conviction, in which case the range increased to twenty 20 years to life.

In this case, the Presentence Report ("PSR") calculated that Mr. Stone should be held responsible for 492 kilograms of cocaine base. At sentencing, the Court accepted the findings set forth in the PSR. The Court based Mr. Stone's sentence on the applicable guideline range of life in prison, which corresponded to his total offense level of forty-three, and his criminal history category of VI.

The Defendant argues, however, that when considering the application of the First Step Act and the Fair Sentencing Act, this Court is bound to apply the subsequent holdings of the United States Supreme Court, specifically the holding from *Apprendi v. New Jersey*. 530 U.S. 466 (2000) *Apprendi* held that any fact that increases a defendant's penalty, beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt as an element of the

3

crime.[1] *Id.* Courts have subsequently applied *Apprendi* to require that a jury, not a judge must make the determination of whether an offense involves a sufficient quantity of drugs to reach various sentencing thresholds. Later in 2013, the Supreme Court made clear that in order to preserve a defendant's Sixth Amendment right to a jury trial, any fact that increases the statutory mandatory minimum sentence must be submitted to the jury as an element of the offense charged. *Alleyne v. United States*, 570 U.S. 99 (2013).

In contrast, the government claims, that this Court is not required to apply the *Apprendi* holding in its consideration of Mr. Stone's request for a reduced sentence. It argues that this is not a plenary re-sentencing, and the Court should, therefore, consider the changes that may have been affected by the applicable sections of the Fair Sentencing Act, but should view those changes as if they were being applied on the date of the original sentencing, and not with the benefit of any other legislative or constitutional developments that may have occurred since that time. If *Apprendi* is not applied, the government contends that Mr. Stone's term of imprisonment should not be reduced under the Fair Sentencing Act, because his sentence was based on the guideline range that corresponded to his total offense level (43) and criminal history category (VI). That range has not changed with the implementation of the First Step Act.[2] The government also argues that the mandatory statutory minimum and maximum sentences applicable to the amount of drugs attributed to Mr. Stone in the PSR, as adopted by the Court, was not changed by the Fair Sentencing Act.

---

[1] Neither party addresses whether Mr. Stone's total offense level would be lowered if a lesser drug quantity applies following application of the *Apprendi* rule.

[2] The Defendant does not argue that this guideline range would be reduced under the First Step Act.

4

The Supreme Court has explained, however, that when it recognizes a constitutional rule, such as the one set forth in *Apprendi* and *Alleyne*, it is not to be treated as new rule created by the Court. Rather it is simply a recognition of a right established by the Constitution that has existed since the adoption of the Constitution. The determination of retroactivity does not alter the existence or "temporal scope of a newly announced right, but [only] whether a violation of the right that occurred prior to the announcement of the new rule will entitle a criminal defendant" to any relief for the violation of that right. *Danforth v. Minnesota*, 552 U.S. 264, 271 (2008). This is to say that allowing judges and not juries to determine what drug quantities have been proven in connection with a distribution offense has always been unconstitutional, even at the time of Mr. Stone's original sentencing. The First Step Act neither directs nor implies that the Court should perpetuate the application of an unconstitutional practice when determining a new sentence that complies with the Act's directives, and many courts faced with the issue have applied the *Apprendi* rule in First Step Act re-sentencings. See, e.g., *United States v. Allen*, 2019 WL 1877072 (D. Conn. Apr. 26, 2019); *United States v. Stanback*, 2019 U.S. Dist. LEXIS 75413 (W.D. Va. May 2, 2019); *United States v. Simons*, 2019 U.S. Dist. LEXIS 67964 (E.D.N.Y. Apr. 22, 2019); *United States v. Pugh*, 2019 U.S. Dist. LEXIS 49407 (N.D. Ohio Mar. 25, 2019).

In the instant case, Count One of Mr. Stone's Superseding Indictment charged him with conspiracy to distribute or posses with intent to distribute cocaine base, but did not mention any specific quantity of drugs involved in the conspiracy. Count Four of the Superseding Indictment charged that Mr. Stone "did knowingly possess with intent to distribute approximately 342.44 grams of a mixture and substance containing a detectable amount of cocaine base, crack

cocaine." (ECF #529-1, Ex. B). The jury instructions quote this part of the Superseding Indictment, but do not explicitly require the jury to find this or any other amount in order to find Mr. Stone guilty of Count Four. The quantity of drugs is not listed as an element to the crime, and no further mention of any amount attributable to Mr. Stone is mentioned in the portion of the jury instructions that has been provided to the Court as part of the record. (ECF #529-1). There is no evidence or even assertion that the jury made a finding of any particular quantity of drugs involved in the offence in its verdict, or in an interrogatory. When drug quantity is not both charged in the indictment *and* submitted to the jury as part of the jury instructions the statutory maximum under §841(b) must be determined without reference to a specific drug quantity. *U.S. v. Westmoreland*, 240 F.3d 618, 632-33 (6th Cir. 2001); *U.S. v. Mouling, 557 F.3d 658, 665 (D.C. Cir. 2009); U.S. v. Rogers*, 228 F.3d 1318, 1327 (11th Cir. 2000).

As the jury instructions in Mr. Stone's case did not require the jury to make a specific finding of any particular drug amount in order to convict Mr. Stone on Counts One or Four of the Superseding Indictment, this court will adopt the lowest drug quantity category when considering Mr. Stone's new sentence under the First Step Act. Offenses involving less than 28 grams of crack cocaine are subject to a statutory sentencing range of up to 20 years, with an enhancement to up to 30 years for defendants with a prior felony drug conviction. 21 U.S.C. §§ 841(b)(1)(C) & 851 (2018). At the time of sentencing, Mr. Stone had a prior felony drug conviction. Therefore, his statutory maximum, for the lower quantities applicable under *Apprendi*, is 30 years or 360 months, with six years of supervised release.

For the above reasons, this Court GRANTS Mr. Stone's petition for relief. (#527). Mr. Stone's sentences on Counts One and Four are reduced to 360 months of imprisonment, to be

followed by six years of supervised release. All other aspects of his original sentence remain intact. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 13, 2019