IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD STONE, ) | CASE NO.: 1:96-CR-00403 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |
| ) | |

This matter comes before the Court upon Petitioner Richard Stone's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #539). The Government filed a Response in Opposition (ECF #558) and Petitioner filed a Reply (ECF #561). This matter is now fully briefed and ready for disposition. For the reasons set forth herein, the petition (ECF #539) is DENIED.

I.  **Procedural History**

On May 21, 1997, a federal grand jury in the Northern District of Ohio returned a superseding indictment against Mr. Stone and others, charging them with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846 (Count 1). Mr. Stone was also charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 2); providing false information in connection with the acquisition of a fireman, in violation of 18 U.S.C. § 922(a)(6) (Count 3); and possession with intent to distribute 342.33 grams of cocaine base, in violation of 21 U.S. § 841(a)(1) and (b)(1)(A) (Count 4). Following the filing of a

notice to establish Petitioner's conviction, the statutory penalty was increased to a minimum term of life imprisonment. (*See* ECF #129, ECF #146 and ECF #158).

The Presentence Report (the "PSR") recommended a base offense level of 38 under U.S.S.G. § 2D1.1, because the offense conduct involved the possession and distribution of more than 520 kilograms of cocaine, and 492 kilograms of cocaine base. (PSR, pgs. 13-14). Petitioner was subject to a three-level enhancement for his leadership role in the offense under U.S.S.G. § 3B1.1(b), and a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. The PSR also noted that Petitioner was a career offender under U.S.S.G. § 4B1.1, but because his offense level under Section 2D1.1 was higher, it was controlling. Mr. Stone's total offense level was 43, Criminal History Category VI and the Guidelines range was life imprisonment. The Government notes that Petitioner would have had a criminal history of VI even without the career offender guidelines, as Mr. Stone had numerous drug trafficking and weapons convictions spanning his adult life and committed the most recent crimes while on probation. (PSR, p. 15).

At his sentencing, the Court adopted the PSR's findings and imposed life imprisonment as to Counts 1 and 4, 120 months imprisonment as to Count 2, and 60 months imprisonment as to Count 3, all to be served concurrently. The Sixth Circuit affirmed Mr. Stone's conviction and sentence on January 6, 2000. Petitioner then sent a letter requesting that the Court consider him for relief under the First Step Act of 2018, and he was appointed a Federal Public Defender. Through his counsel, Mr. Stone requested a sentence reduction to 360 months. The Court determined Petitioner was eligible under the First Step Act and reduced his sentence to 360 months, the maximum available for a sentence pursuant to 21 U.S.C. § 841(b)(1)(C). The

Government filed a notice of appeal, but later dismissed it. On February 18, 2020, Mr. Stone filed his § 2255 petition.

## II.  Standard for Relief under § 2255

A petitioner who moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated a "fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted); *see also*, United States v. *Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993).

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The burden is on the petitioner to prove his constitutional rights were denied or infringed by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

## III.  Analysis

3

Mr. Stone alleges ineffective assistance of counsel on three grounds: (1) counsel failed to file a notice of appeal; (2) counsel was ineffective for failing to argue that his Guidelines-range was impacted by *Apprendi* and (3) counsel "failed to request a sentence of 10 years." Petitioner also alleges his Sixth Amendment right to a jury trial was violated. Mr. Stone's claims for ineffective assistance of counsel are unsubstantiated. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that his conviction was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

The Government correctly argues that Petitioner has failed to offer any facts or evidence to support his allegations of ineffective assistance of counsel. Petitioner has offered nothing more than speculation and conjecture in support of his claims, and the law is clear that such a basis is "patently insufficient" to support his petition. *See, e.g., Barry v. United States*, 528 F.3d 1094, 1101 (7th Cir. 1976); *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003); *United States v. Allison*, 59 f.3d 43, 47 (6th Cir. 1995). Petitioner had no right to an attorney with respect to his motion under the First Step Act. Where there is no constitutional right to an attorney, a defendant "cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

Further, Petitioner does not provide any evidence that would show he was prejudiced by any acts or alleged failures of his attorney. Petitioner's attorney had a duty to advise him based on the evidence the government had against him, and to inform him of the potential

4

sentence he would face if a plea were not entered. Nothing in the record suggests that he failed to do so. There is no indication that any errors or misjudgments that Petitioner alleges, even if true, would have had any effect on the outcome of his sentence.

Here, Mr. Stone's Guidelines-range was unaffected by the First Step Act. Petitioner had an offense level of 43 and a criminal history category of VI, and thus Mr. Stone's advisory guideline sentence was life imprisonment. As the Government correctly notes, *Apprendi* and *Alleyne* are not applicable to the guidelines calculation, as those cases are relevant to statutory calculations, whereas Petitioner's sentence of 360 months was within the permissible limit of a jury finding of cocaine or cocaine base. Finally, the Court finds that Petitioner's claim of a Sixth Amendment violation fails. With respect to his initial sentence, any challenge is untimely, and as to his new sentence, his claim is procedurally defaulted by his failure to raise it on direct appeal.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make a "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debate or wrong. *Slack*, 529 U,S, at 484. For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

IV. **Conclusion**

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #539) is DENIED. Because the files and record in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: __February 10, 2021__